UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH L. SHELTON,

        Plaintiff,        Civil No. 1:11-CV-13401
                            Honorable Thomas L. Ludington

v.

ELIAS ESCOBEDO,

        Defendant.
_____/

KEITH L. SHELTON,

        Plaintiff,        Case Number: 1:11-CV-13601
                            Honorable Thomas L. Ludington

v.

CHARLES P. REISMAN,

        Defendant.
_____/

KEITH L. SHELTON,

        Plaintiff,        Civil No. 1:11-CV-13602
                            Honorable Thomas L. Ludington

v.

CYRIL C. HALL,

        Defendant.
_____/

KEITH L. SHELTON,

        Plaintiff,        Civil No. 1:11-CV-13984
                            Honorable Thomas L. Ludington

v.

JESSICA R. COOPER,

        Respondent.
_____/

KEITH L. SHELTON,

        Plaintiff,                             Civil No. 1:11-CV-14020
                                                                     Honorable Thomas L. Ludington

v.

MICHAEL WARREN,

        Defendant.

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSALS**

### **I. Introduction**

      Keith Shelton is a state inmate currently incarcerated for convictions he received in Oakland County Circuit Court in 1984 and 1989 for unarmed robbery and larceny by conversion. Over a recent three-month period, Shelton filed nine separate civil rights complaints under 42 U.S.C. § 1983 in federal court. Five of those complaints are addressed in this joint opinion because the complaints raise identical claims and will all be dismissed on the same basis. In all of these complaints, Shelton alleges that his criminal convictions are invalid because they were based upon an "illegal waiver" and because he was prohibited from appearing in court to enter his plea. He seeks release from prison.

### **II. Standard of Review**

      Plaintiff has been granted leave to proceed without prepayment of the filing fee for each of these actions. Under the Prison Litigation Reform Act, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Sixth Circuit Court of Appeals has held that a district court may dismiss as

frivolous under § 1915(e) a case that is duplicative of an earlier-filed action. *Peoples v. Reno*, No. 00-1086, 2000 WL 1477502, *1 (6th Cir. Sept. 26, 2000); *see also McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.") (quotation omitted); *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

### III.  Discussion

On July 19, 2011, Plaintiff filed a civil rights complaint challenging the actions of two state court judges (Oakland County Circuit Court Judges Edward Sosnick and Michael Warren), three defense attorneys (Cyril C. Hall, Charles Reisman, and Elias Escobedo, Jr.), and a prosecutor (Jessica Cooper). *See Shelton v. Sosnick, et al.*, No. 1:11-cv-13119. The complaint in that case ("First Complaint"), raises the identical claims raised in the pending complaints.

"[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citations omitted). The pending complaints asserts identical claims to those raised in case no. 1:11-cv-13119. Each of the pending complaints identifies only one defendant, each of whom is named in the First Complaint. Because the pending complaints are duplicative of the First Complaint, which has been dismissed for failing to state a claim upon which relief can be granted, the pending complaints will be dismissed as frivolous under 28 U.S.C. § 1915(e). *Peoples,* 2000 WL at 1477502 *1 (affirming the district court's dismissal of duplicative prisoner civil rights complaint as frivolous under § 1915(e)); *Scott v. Burress*, No. 2:09-cv-10916, 2009 WL 891695, *1 (E.D. Mich. March 31, 2009) (dismissing later-filed prisoner civil rights complaint because it was duplicative of earlier-filed complaint); *see also Cummings v. Mason,* No. 1:11-cv-649, 2011 WL 2745937, *2 (W.D. Mich. July 13, 2011) (dismissing as duplicative a prisoner's civil rights

complaint raising virtually identical claims as those raised in a previous civil rights complaint, even though first complaint named numerous defendants and second complaint named only one defendant); *Sheppard v. Smith*, No. 2:11-cv-12567, 2011 WL 2471172, *2 (E.D. Mich. June 22, 2011) (dismissing prisoner's § 1983 complaint as frivolous where it raised the same claims raised in a prior complaint and named one of the four defendants named in the prior action); *Adams v. Legenstein*, No. 2009 WL 363888, *2 (D. Del. Feb. 13, 2009) (dismissing as frivolous under § 1915(e) a prisoner's § 1983 complaint that was virtually identical to a prior suit, with the exception that the first suit named four defendants, and the second suit only two).

Accordingly, it is **ORDERED** that all of the complaints are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

It is further **ORDERED** that an appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal. 28 U.S.C. § 1915(a)(3).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and to Keith Shelton, #145136, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 by first class U.S. mail on December 23, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS